UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK




MTS LOGISTICS INC. and MTS ULUSA ARARASI TASIMACILIK VE TIC. A.S.,

Plaintiff(s),

-against-

DUNTARA MOVING & STORAGE,

Defendant(s).

07 CV ____

COMPLAINT




PLEASE TAKE NOTICE that Plaintiff(s), MTS LOGISTICS INC. and MTS ULUSA ARARASI TASIMACILIK VE TIC. A.S., (collectively "MTS"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), DUNTARA MOVING & STORAGE, ("DUNTARA"), allege, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2. Plaintiff MTS ULUSA ARARASI TASIMACILIK VE TIC. A.S. is a legal entity duly organized and existing pursuant to the laws of a foreign country.

3. Plaintiff MTS LOGISTICS INC. is a legal entity duly organized and existing pursuant to the laws of the United States with offices and a place of business located within the jurisdiction of the United States District Court for the Southern District of New York.

4. Defendant DUNTARA is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 2709-2713 N.W. 30th Avenue, Ft. Lauderdale, FL 33311.

5. Defendant DUNTARA is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 2709 N.W. 30th Avenue, Ft. Lauderdale, FL 33311.

6. The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiffs MTS reside and/or maintains a principal place of business within the Southern District of New York.

7. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST DUNTARA

8. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "7" as if specifically set forth herein at length.

9. At all times relevant herein, Defendant DUNTARA entered into agreements, service contracts, contracts of affreightment, charter agreements and/or bills of lading, with Plaintiff for the carriage, storage, handling, care and/or maintenance of Defendant's cargoes by Plaintiff in consideration for payments by Defendant to Plaintiff for said services.

10. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with Defendant's goods.

11. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay freight, dead freight, demurrage, detention, port fees, tariffs and other associated costs.

12. As a result of Defendant's breach of the subject agreements Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreements and at law.

13. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

14. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's damages due and owing under the agreements and at law.

15. By reason of the foregoing, Plaintiff has sustained damages in the amount of $1,805.00, together with interest, costs, fees, and expenses.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST DUNTARA

16. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "15" as if specifically set forth herein at length.

17. Defendant has an account stated with the Plaintiff.

18. By reason of the foregoing, Plaintiff has sustained damages in the amount of $1,805.00, together with interest, costs, fees, and expenses.

AS AND FOR A THIRD CAUSE OF ACTION AGAINST DUNTARA

19. Plaintiff repeat and reiterate each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20. Plaintiff is due from Defendant the quantum meruit of Plaintiff's services.

WHEREFORE, Plaintiff prays:

(A). that judgment be entered in favor of Plaintiff for an amount exceeding **one thousand eight hundred and five dollars** $1,805.00, plus interest, fees, including attorneys' fees, costs, and disbursements;

(B). that Court process be issued against the Defendant; and

(C). that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York

October 26, 2007

MAHONEY & KEANE, LLP
Attorneys for Plaintiffs
MTS LOGISTICS INC. and MTS ULUSA ARARASI TASIMACILIK VE TIC. A.S.

By: ____________________

Jorge A. Rodriguez (JR 2162)
111 Broadway, Tenth Floor
New York, New York 10006
Tel (212) 385-1422
Fax (212) 385-1605
Our File No. 12/3453

SERVICE LIST

DUNTARA MOVING & STORAGE
2709-2713 N.W. 30th Avenue
Ft. Lauderdale, FL 33311

DUNTARA MOVING & STORAGE
2709 N.W. 30th Avenue
Ft. Lauderdale, FL 33311